UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER FERNANDEZ-FAJARDO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07402-DAD-CSK (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 7) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 6, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 7.) Specifically, the magistrate judge concluded that petitioner's detention violates the Immigration and Nationality Act. (*Id.* at 3–4.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 5.) On October 12, 2026, respondent filed objections to the findings and recommendations. (Doc. No. 8.) Therein, respondents object to the findings and recommendations because petitioner's failure to exhaust his administrative remedies precludes

habeas relief. (*Id.* at 1.) Respondent further argues that under the decision in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196, 1203 (9th Cir. 2022) the procedures set forth in 8 U.S.C. § 1226(a) and its implementing regulations are constitutional, and no further procedures are required. (*Id.*)

In the pending petition, petitioner challenges his detention on statutory and due process grounds. (Doc. No. 1 at 6–7.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioners raise due process challenges to the procedures employed by immigration authorities.

Turning to the merits of the case, the court observes that respondent's supporting documentation submitted in support of its response to the petition reveals that petitioner was previously released into the United States on his own recognizance in 2021 and subsequently re-detained in August 2026. (Doc. No. 6-1 at 2, 7–8.) The court also observes that petitioner has no criminal history and was re-detained without notice or a pre-detention hearing. (Doc. Nos. 6-1 at 3; 7 at 2.) The court incorporates the reasoning set forth in *Lnu v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-06987-DAD-SCR (HC), 2026 WL 2971947, (E.D. Cal. Oct. 3, 2026) where the undersigned noted that the decision in *Rodriguez Diaz* is inapplicable to cases where, as here, the petitioner was previously released and remained at liberty for a period of time in the United States before being re-detained. Therefore, pursuant to its reasoning set forth in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) the court concludes that petitioner's re-detention without notice and a pre-deprivation hearing violate due process. Accordingly, the court rejects respondent's objections and concludes that the magistrate judge correctly found that petitioner's detention is unlawful.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record.

For the reasons above,

1. The findings and recommendations filed on October 6, 2026 (Doc. No. 7) are ADOPTED;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Alexander Fernandez-Fajardo, A-File No. 220-689-862, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about August 11, 2026;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Processing Center; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE